TAYLOR, Judge.
One of the issues raised by appellant is whether the prosecutor’s use of his peremptory challenges violated the rule of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
Our own Supreme Court has recently released an opinion in the case of Ex parte Branch, 526 So.2d 609 (Ala.1987) (modified on rehearing, December 4, 1987). The Alabama Supreme Court’s decision in Branch reviewed in detail the holding of the Supreme Court of the United States in Bat-son, supra, and its own ruling in Ex parte Jackson, 516 So.2d 768 (Ala.1986). In Branch, our Supreme Court set out some general guidelines to be followed by the lower courts of this State in the implementation of the mandates in Batson and Jackson. The Supreme Court then remanded Branch to this court with instructions for us to remand the case to the trial court, which we did, Branch v. State, 526 So.2d 634 (Ala.Cr.App.1988), so as to allow the trial judge to again review the proceedings conducted before him, using the guidelines set out in its opinion.
We find that the instant circumstances warrant additional consideration under the Branch guidelines. See Avery v. State, 545 So.2d 123 (Ala.Cr.App.1988). Further, this court is bound by law to follow the decisions of our Supreme Court. Section 12-3-16, Code of Alabama 1975. Accordingly, it is incumbent upon us to remand this case to the Circuit Court of Jefferson County, with directions to review again the proceedings conducted before it, using the guidelines adopted by our Supreme Court; the circuit court is directed to file a return with this court within a reasonable time, including the testimony, together with the court’s written findings and conclusions.
REMANDED WITH DIRECTIONS.
All the Judges concur.
ON RETURN TO REMAND
TAYLOR, Presiding Judge.
We remanded this case for a review by the trial court applying the principles of Ex parte Branch, 526 So.2d 609 (Ala.1987), and Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The trial court meticulously applied the Branch guidelines and carefully ascertained the reasons given for each peremptory strike. We are reasonably satisfied that there were race-neutral reasons for each strike. We find no error, but, rather, a full compliance with the rule in Batson.
OPINION EXTENDED; AFFIRMED.
All the Judges concur.